# **EXHIBIT 3**
*(Original Rule 26(f) Reports)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY J. SAMANGO, JR., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No. 11-cv-00819 (JHS) |

# REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on June 14, 2011, and submit the following report of their meeting for the court's consideration:

### 1. Discussion of Claims, Defenses and Relevant Issues

Counsel for the parties discussed Plaintiff's claims and the government's counterclaim and recognized that the outcome of this case will largely depend on whether or not Plaintiff is found to be a responsible person under 26 U.S.C. § 6672 for certain employee withholding obligations of a company by the name of CIP Frames, Inc. Plaintiff contends that he is not a responsible person under Section 6672; the government contends that he is.

### a. Plaintiff's Summary

Plaintiff Anthony Samango, Jr. has been assessed a Trust Fund Recovery Penalty for the unpaid employee withholding taxes of CIP Frames for all four quarters of 2005 under 26 U.S.C. § 6672. Plaintiff's position is that he was not at any time a responsible person under Section

7011798.2

6672 and has no responsibility for CIP Frames' failure to withhold and pay over any required taxes.

Mr. Samango is the sole owner and operator of Carson Concrete which is a construction subcontractor specializing in large scale projects. Carson Concrete hired CIP Frames as a labor subcontractor for a large construction project that began and ended in 2005. CIP Frames invoiced Carson Concrete as CIP Frames laborers completed work on the project and Carson Concrete remitted payments to CIP Frames accordingly.

Based on his experience in the industry, Mr. Samango was concerned that if CIP Frames failed to timely pay union benefits for CIP laborers the result could be a work stoppage for which Carson Concrete would be held liable. In order to ensure that union payroll and benefits were paid on time, and thereby avoid any work stoppages, Mr. Samango was authorized to pay union payroll and benefits out of two CIP Frames bank accounts. Importantly, Mr. Samango did not have the authority to issue checks for anything other than union payroll and benefits nor did he exercise or hold any decision making authority over CIP Frames.

In discovery, Mr. Samango will seek information relating to (1) the Internal Revenue Service's ("IRS") determination that he is a responsible person under Section 6672, which will include discovery of the IRS's investigation of CIP Frames' tax liabilities and Mr. Samango's alleged authority on behalf of CIP Frames; and (2) the amount and calculation of the penalty. This information will allow Mr. Samango to demonstrate that he is not a responsible person under Section 6672, that the IRS should never have assessed a Trust Fund Recovery Penalty against him, that the IRS failed to calculate the underlying assessment properly, and that the amount of the penalty is incorrect.

### b. Defendant's Summary

Mr. Samango was assessed with trust fund recovery penalty taxes in connection with CIP Frames, Inc.'s undisputed failure to remit to the United States federal taxes withheld from employees' paychecks.

This assessment was based 26 U.S.C. § 6672, a statute which imposes a penalty on a "responsible person" associated with a company that fails to withhold the employees' portion of certain payroll taxes, and to pay those taxes over to the United States. The penalty imposed is the dollar-for-dollar equivalent of the taxes that were not paid over to the Government.

In this case, the Internal Revenue Service determined that Mr. Samango was a person responsible for collecting and paying those taxes on behalf of CIP Frames, and that his failure to do so was willful under section 6672. Those two elements – responsibility and willfulness – are the key issues in this case.

Mr. Samango has already identified several facts that support the United States' position, including that he had – and exercised – signature authority on CIP Frames' bank accounts. To support its claims and defenses, the United States will seek to discover additional information regarding CIP Frames' finances, its business practices, and the relationship between Mr. Samango – and his company, Carson Concrete – and CIP Frames.

### 2. Informal Disclosures

The parties made their Rule 26(a)(1) disclosures before their Rule 26(f) meeting on June 14, 2011. At the meeting, the parties agreed to exchange documents identified in the Rule 26(a)(1) disclosures through the exchange of formal document requests, which have already been served. Plaintiff served his requests on June 17, 2011. Defendant served or will serve its requests on June 20, 2011. The parties did not agree to informally disclose any additional information.

7011798.2

3. **Formal Discovery**

The parties agreed that factual discovery would commence immediately and be completed by November 23, 2011, which is within 150 days of the Rule 26 conference with the Court.

4. **Electronic Discovery**

Counsel conferred regarding electronic discovery during their Rule 26(f) meeting, and do not believe at this point in the case that such discovery will be necessary. However, and to be sure, counsel have agreed first to serve their document requests, review them, and then, if electronic discovery issues are presented by such requests, to meet and confer on such issues and, if necessary, present to the Court an agreed upon Stipulation and Order. In addition, the parties agreed to immediately begin the process of preserving and collecting any electronically stored information that may be relevant to the claims and defenses at issue.

5. **Expert Witness Disclosures**

Neither party currently anticipates the use of expert witnesses. However, should either party choose to use expert witnesses, the parties agreed to the simultaneous exchange of expert reports under the following schedule:

Deadline for Serving Expert Reports: December 23, 2011

Deadline for Serving Responsive Expert Reports: January 20, 2011

6. **Early Settlement or Resolution**

Mr. Samango's counsel raised the issue of possible settlement. Defendant's counsel stated that, due to the fact-intensive nature of cases arising under 26 U.S.C. § 6672, discovery is necessary before fruitful settlement discussions can occur. Defendant's counsel also pointed out that this is particularly true in light of the government's settlement authority and approval protocols, which requires that the trial attorneys present recommendations to superiors with

evidentiary support. Plaintiff's counsel asked if there was particular discovery that would facilitate settlement discussions, but Defendant's counsel responded that there is no particular area or issue in a case like this. Both parties agreed, at the least, to consider holding a settlement conference after the close of discovery.

### 7. Trial

The parties do not request a date certain for trial and do not agree to a referral of this case to a U.S. Magistrate Judge for trial.

### 8. Other Matters

The parties agreed to consolidate this case with the suit filed by Anthony J. Samango, III and docketed as No. 11-01789 (JHS). The parties also agreed that a reference in Mr. Samango's complaint to tax penalties assessed for taxes allegedly due in 2004 and related to a taxpayer other than CIP Frames will be voluntarily dismissed without prejudice and without the waiver of any of Plaintiff's rights, claims, or defenses. Proposed Stipulations and Orders on these two matters will be submitted to the Court.

/s/ Joseph A. Martin
Joseph A. Martin, Esq.
Darth M. Newman, Esq.
Counsel for Plaintiffs

/s/ Beatriz T. Saiz
Beatriz T. Saiz, Esq.
Christopher D. Belen, Esq.
Counsel for the United States

6854612v1

5

7011798.2

**CERTIFICATE OF SERVICE**

I, Darth M. Newman, hereby certify that, on June 20, 2011, I served a true and correct copy of the foregoing Report of Rule 26(f) Meeting on all counsel of record via CM/ECF.

                                ARCHER & GREINER
                                A Professional Corporation
                                Attorneys for Plaintiff

                                By:    /s/ Darth M. Newman
                                          Darth M. Newman

7011798.2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY J. SAMANGO, III,<br><br>                  Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                  Defendant. | Civil Action No. 11-01789 (JHS) |

### REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on June 14, 2011, and submit the following report of their meeting for the court's consideration:

    **1.**    **Discussion of Claims, Defenses and Relevant Issues**

Counsel for the parties discussed Plaintiff's claims and the government's counterclaim and recognized that the outcome of this case will largely depend on whether or not Plaintiff is found to be a responsible person under 26 U.S.C. § 6672 for certain employee withholding obligations of a company by the name of CIP Frames, Inc. Plaintiff contends that he is not a responsible person under Section 6672; the government contends that he is.

    **a. Plaintiff's Summary**

Plaintiff Anthony Samango, III has been assessed a Trust Fund Recovery Penalty for the unpaid employee withholding taxes of CIP Frames for all four quarters of 2005 under 26 U.S.C. § 6672. Plaintiff's position is that he was not at any time a responsible person under Section

7011810.1

6672 and has no responsibility for CIP Frames' failure to withhold and pay over any required taxes.

Mr. Samango is an employee of Carson Concrete which is a construction subcontractor specializing in large scale projects. Carson Concrete hired CIP Frames as a labor subcontractor for a large construction project that began and ended in 2005. CIP Frames invoiced Carson Concrete as CIP Frames laborers completed work on the project and Carson Concrete remitted payments to CIP Frames accordingly.

Based on his experience in the industry, Mr. Samango was concerned that if CIP Frames failed to timely pay union benefits for CIP laborers the result could be a work stoppage for which Carson Concrete would be held liable. In order to ensure that union payroll and benefits were paid on time, and thereby avoid any work stoppages, Mr. Samango was authorized to pay union payroll and benefits out of two CIP Frames bank accounts. Importantly, Mr. Samango did not have the authority to issue checks for anything other than union payroll and benefits nor did he exercise or hold any decision making authority over CIP Frames.

In discovery, Mr. Samango will seek information relating to (1) the Internal Revenue Service's ("IRS") determination that he is a responsible person under Section 6672, which will include discovery of the IRS's investigation of CIP Frames' tax liabilities and Mr. Samango's alleged authority on behalf of CIP Frames; and (2) the amount and calculation of the penalty. This information will allow Mr. Samango to demonstrate that he is not a responsible person under Section 6672, that the IRS should never have assessed a Trust Fund Recovery Penalty against him, that the IRS failed to calculate the underlying assessment properly, and that the amount of the penalty is incorrect.

### b. Defendant's Summary

Mr. Samango was assessed with trust fund recovery penalty taxes in connection with CIP Frames, Inc.'s undisputed failure to remit to the United States federal taxes withheld from employees' paychecks.

This assessment was based 26 U.S.C. § 6672, a statute which imposes a penalty on a "responsible person" associated with a company that fails to withhold the employees' portion of certain payroll taxes, and to pay those taxes over to the United States. The penalty imposed is the dollar-for-dollar equivalent of the taxes that were not paid over to the Government.

In this case, the Internal Revenue Service determined that Mr. Samango was a person responsible for collecting and paying those taxes on behalf of CIP Frames, and that his failure to do so was willful under section 6672. Those two elements – responsibility and willfulness – are the key issues in this case.

Mr. Samango has already identified several facts that support the United States' position, including that he had – and exercised – signature authority on CIP Frames' bank accounts. To support its claims and defenses, the United States will seek to discover additional information regarding CIP Frames' finances, its business practices, and the relationship between Mr. Samango – and his company, Carson Concrete – and CIP Frames.

### 2. Informal Disclosures

The parties made their Rule 26(a)(1) disclosures before their Rule 26(f) meeting on June 14, 2011. At the meeting, the parties agreed to exchange documents identified in the Rule 26(a)(1) disclosures through the exchange of formal document requests, which have already been served. Plaintiff served his requests on June 17, 2011. Defendant served or will serve its requests on June 20, 2011. The parties did not agree to informally disclose any additional information.

### 3. Formal Discovery

The parties agreed that factual discovery would commence immediately and be completed by November 23, 2011, which is within 150 days of the Rule 26 conference with the Court.

### 4. Electronic Discovery

Counsel conferred regarding electronic discovery during their Rule 26(f) meeting, and do not believe at this point in the case that such discovery will be necessary. However, and to be sure, counsel have agreed first to serve their document requests, review them, and then, if electronic discovery issues are presented by such requests, to meet and confer on such issues and, if necessary, present to the Court an agreed upon Stipulation and Order. In addition, the parties agreed to immediately begin the process of preserving and collecting any electronically stored information that may be relevant to the claims and defenses at issue.

### 5. Expert Witness Disclosures

Neither party currently anticipates the use of expert witnesses. However, should either party choose to use expert witnesses, the parties agreed to the simultaneous exchange of expert reports under the following schedule:

Deadline for Serving Expert Reports:			December 23, 2011

Deadline for Serving Responsive Expert Reports:	January 20, 2011

### 6. Early Settlement or Resolution

Mr. Samango's counsel raised the issue of possible settlement. Defendant's counsel stated that, due to the fact-intensive nature of cases arising under 26 U.S.C. § 6672, discovery is necessary before fruitful settlement discussions can occur. Defendant's counsel also pointed out that this is particularly true in light of the government's settlement authority and approval protocols, which requires that the trial attorneys present recommendations to superiors with

evidentiary support. Plaintiff's counsel asked if there was particular discovery that would facilitate settlement discussions, but Defendant's counsel responded that there is no particular area or issue in a case like this. Both parties agreed, at the least, to consider holding a settlement conference after the close of discovery.

7. **Trial**

The parties do not request a date certain for trial and do not agree to a referral of this case to a U.S. Magistrate Judge for trial.

8. **Other Matters**

The parties agreed to consolidate this case with the suit filed by Anthony J. Samango, Jr. and docketed as No. 11-00819 (JHS). A proposed Stipulation and Order will be submitted to the Court.

/s/ Joseph A. Martin
Joseph A. Martin, Esq.
Darth M. Newman, Esq.
Counsel for Plaintiffs


/s/ Beatriz T. Saiz
Beatriz T. Saiz, Esq.
Christopher D. Belen, Esq.
Counsel for the United States

6854609v1

7011810.1

# CERTIFICATE OF SERVICE

I, Darth M. Newman, hereby certify that, on June 20, 2011, I served a true and correct copy of the foregoing Report of Rule 26(f) Meeting on all counsel of record via CM/ECF.

ARCHER & GREINER
A Professional Corporation
Attorneys for Plaintiff

By:\_\_\_\_/s/ Darth M. Newman_____
Darth M. Newman

7011810.1