# EXHIBIT A
*(First Amended Complaint)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY J. SAMANGO, III, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Civil Action No. 2:11-cv-01789-JHS <br> Consolidated with 2:11-cv-00819-JHS <br><br> **FIRST AMENDED COMPLAINT FOR REFUND OF TAXES AND ABATEMENT OF PENALTIES** <br><br> JURY TRIAL DEMANDED |

Anthony J. Samango, III, by and through his undersigned counsel, by way of Complaint against defendant United States of America, alleges as follows:

## INTRODUCTION

1. The IRS erroneously assessed a Trust Fund Recovery Penalty against Plaintiff Anthony J. Samango III under 28 U.S.C. § 6672 based on the failure of a company known as CIP Frames, Inc. to pay over employee withholding taxes for all four quarters of 2005. Mr. Samango is not a responsible person under Section 6672,.

2. Inexplicably, the IRS has not assessed CIP Frames or its President and owner David Johnson for the taxes at issue, instead choosing to target Mr. Samango. Additionally, the amounts assessed are erroneous, the IRS having grossly overstated the liabilities because it did not have sufficient documentation to quantify the assessments.

3. Mr. Samango therefore seeks, through this lawsuit, a refund of the taxes he has paid toward the IRS's erroneous assessment along with an abatement of the penalties assessed against him.

## PARTIES

4. Plaintiff Anthony J. Samango III is a citizen of the United States and a resident of the Commonwealth of Pennsylvania, with his principal address at 2580 Brandon Court, Lansdale, PA 19446.

5. The defendant is the United States of America.

## JURISDICTION AND VENUE

6. This is a suit arising under the laws of the United States, specifically the Internal Revenue Code of 1986, as amended ("Code"), for the removal of assessable penalties erroneously and illegally assessed against Plaintiff.

7. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1346(a)(1).

8. Venue in this District is proper under 28 U.S.C. § 1391(e).

## STATEMENT OF CLAIM

### The Assessment Against Plaintiff

9. By notice dated August 26, 2010, the IRS assessed a Trust Fund Recovery Penalty (TFRP) against Mr. Samango pursuant to Section 6672 of the Code for the failure of CIP Frames (EIN: 20-2094969) to remit employee withholding taxes for all four quarters of 2005. A true and correct copy of this notice is attached hereto as Exhibit 1.

10. The amount of the TFRP penalties assessed are as follows:

A.  $318,787.34 for the quarterly period ending March 31, 2005;

B.  $318,787.34 for the quarterly period ending June 30, 2005;

C.  $318,787.34 for the quarterly period ending September 30, 2005;

D.  $318,787.34 for the quarterly period ending December 31, 2005.

11. On or about December 13, 2010, Mr. Samango filed Claims for Refund and Request for Abatement pertaining to each of these assessments along with payment of $250 for the withheld tax for one employee for each quarter of 2005.

12. By Letter 3783 dated February 28, 2011 the IRS denied Mr. Samango's refund claim. A true and correct copy of the IRS's Letter 3783 is attached hereto as Exhibit 2.

**The Relationship of Plaintiff to CIP Frames**

13. At all times relevant to this matter, Mr. Samango was and remains, an employee of Carson Concrete Corporation ("Carson").

14. Carson is a concrete contractor doing business in the greater Philadelphia area since 1977, specializing in large-scale projects such as office buildings, parking garages, condominiums and other high-rise residential buildings.

15. Carson, as a concrete contractor, works on construction projects as a subcontractor to the general or prime contractor.

16. In 2005, in connection with the construction of the Waterfront Square Condominiums and parking garage in Philadelphia, Pennsylvania ("the Project"), Carson contracted with a company by the name of CIP Frames, through its owner and President, David Johnson, to provide the labor on the Project.

17. Carson contracted with CIP to serve, and CIP did in fact serve, as the labor subcontractor for the Project.

18. Carson's work on the Project, and therefore CIP's work on the Project as a subcontractor, began in 2005 and ended in or around early 2006.

19. Because Carson was the concrete subcontractor for the Project, it was incumbent upon Carson to ensure that the payroll and union benefits for the workers be remitted to the unions monthly. If the payroll and union benefits for the employees of CIP were not timely remitted, the unions would immediately pull their workers off the job resulting in a shutdown of the Project, which would expose Carson to substantial financial liability to the Project's owner and the general contractor.

20. In order to ensure that the payroll and union benefits were paid on a timely basis and to ensure there were no "ghost" employees on CIP's payroll (which is a significant business risk in construction contractor/subcontractor relationships), Mr. Samango had signing authority on CIP Frames bank accounts .

21. Other than signing checks for payroll, union benefits, other fringe benefits, insurances, and certain miscellaneous expenses, Mr. Samango had no powers or authority as to CIP's finances, operations or general decision making, and he exercised no such powers or authority.

22. The signing of checks drawn on the CIP Frames bank accounts was purely a mechanical function. Mr. Samango had no decision making authority regarding the issuance, delivery or mailing of other checks by CIP for the payment of taxes .

23. In fact, during their relationship on the Project, CIP submitted an invoice to Carson weekly for the gross payroll, and Carson made full payment of the amount reflected on each of these invoices. It was the responsibility of CIP and David Johnson to remit all employment taxes to the IRS.

### The IRS's Erroneous Assessment

24. As reflected in the IRS Revenue Agent's report, the IRS made little effort to locate CIP Frames, determine the extent of its assets, or interview its principal David Johnson. Instead, and erroneously, the IRS targeted Mr. Samango.

25. To be sure, also as reflected in the IRS's file documents, the IRS did not have sufficient information to support the assessments it made against Mr. Samango, and the assessments are qualitatively and quantitatively erroneous.

### Grounds for Recovery

26. Based on the allegations above:

    A. Mr. Samango is not a "responsible person" under Section 6672 of the Code;

    B. Mr. Samango did not act willfully in allegedly failing to ensure that CIP Frames withheld and paid over taxes as required by Section 6672; and

    C. The assessment and collection of the penalties referenced above were arbitrary, unsupported, erroneous and otherwise unlawful.

WHEREFORE, Plaintiff prays for judgment against the Defendant in the total amount of all payments made toward the unlawful and erroneous assessments; together with interest, costs

and attorney's fees; for abatement of the remainder of the penalty assessed against him; and for such other and further relief as the Court may deem just and equitable.

Dated: June 26, 2012

/s/ *Darth M. Newman*
Joseph A. Martin
Darth M. Newman (PA Bar No. 209448)
dnewman@archerlaw.com
ARCHER & GREINER, P.C.
One Centennial Square
Haddonfield, NJ 08033
Tel. (856) 795-2121
Fax (856) 795-0574

*Attorneys for Plaintiffs*

EXHIBIT 1

Internal Revenue Service
Appeals Office
701 Market Street
Suite 2200
Philadelphia, PA 19106

Date: AUG 2 6 2010

ANTHONY J SAMANGO III
2580 RANDSON CT
LANSDALE PA 19446

Department of the Treasury

**Person to Contact:**
Robert Richards
Employee ID Number: 0212946
Tel: (215)861-0832
Fax: (215)861-1498
**Refer Reply to:**
AP:FE:PA:PHI:RAR
**In Re:**
Trust Fund Recovery Penalty
**SSN/EIN Number:**
[REDACTED]
**Name of Corporation:**
CIP FRAMES INCORPORATED
**Tax Period(s) Ended:**
03/2005 06/2005 09/2005 12/2005

Dear Mr. Samango:

We are sorry that we couldn't reach a satisfactory agreement with you about the proposed assessment of the Trust Fund Recovery Penalty. We are returning your case to the Collection Area Director for assessment.

It may be to your advantage to pay the full amount due now in order to reduce your interest charges. Make your check payable to the United States Treasury and mail it to the office address shown above. If you don't pay the amount due now, you will be billed. After you have paid the amount due, you may file a claim for refund. Please refer to the information below about claims.

**Special Bond to Delay IRS Collection Actions for Any Period as soon as a Claim for Refund is Filed**

If you request a claim for a refund for a Trust Fund Recovery Penalty tax period you may also make a request to delay collection by posting a bond with the IRS. To request such a delay you must do the following within 30 days from the date of the official notice of assessment and demand (the first bill):

1. Pay the tax for one employee for each period (quarter) of liability that you wish to contest, if we have based the amount of the penalty on unpaid employment taxes; or pay the tax for one transaction for each period that you wish to contest, if we've based the amount of the penalty on unpaid excise tax.

2. File a claim for a refund of the amount(s) you paid using Form(s) 843, *Claim for Refund and Request for Abatement.*

3. Post a bond with the IRS for one and one half times the amount of the penalty that is left after you have made the payment in number 1, above.

If the IRS denies your claim when you have posted the bond, you then have 30 days to file suit in your United States District Court or the United States Court of Federal Claims before the IRS may apply the bond to your trust fund recovery penalty and the interest accruing on this debt.

**Claim for Refund with no Special Bond**

You may file a claim for refund without posting a special bond with the IRS. To do so, follow action items 1 and 2 above. Note that filing a claim without posting a bond does not prohibit IRS from collections.

If the IRS has not acted on your claim within 6 months from the date you filed it, you can file a suit for refund. You can also file a suit for refund within 2 years after the IRS has disallowed your claim.

**Consideration by the Courts**

You may take your case to the United States Court of Federal Claims or to the United States District Court. These courts have no connection with the IRS. As mentioned above, before you can file a claim with these courts, you must pay a portion of the tax liability and file a claim for refund with the IRS.

For further information about filing a suit you may contact the Clerk of your District Court or the Clerk of the United States Court of Federal Claims, 717 Madison Place, N.W., Washington, D.C. 20005.

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

Darryl Lee
Appeals Team Manager

cc: Barry H. Frank Esquire

EXHIBIT 2



**DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE**

Date:
  February 28, 2011
Person to Contact:
  Michael R. Stumpo
Telephone Number:
  (215) 861-1932
FAX Number:
  (215) 861-1119
Employee Identification Number:
[REDACTED]
Refer Reply to:

Archer & Greiner, P.C.
One Liberty Place, 32nd Fl.
1650 Market St.
Philadelphia, PA. 19103

**CERTIFIED MAIL**

Dear Mr. Frank:

We have considered your request for refund on behalf of your client, Anthony Samango, III, in the amount of $1,000.00 and abatement of a Trust Fund Recovery Penalty assessed against Mr. Samango Jr. for the tax periods ended March 31, 2005, June 30, 2005, September 30, 2005, and December 31, 2005. We assessed this amount under Internal Revenue Code (IRC) section 6672 because CIP Frames Inc. did not pay the Federal employment taxes due for the tax periods listed above.

Our records reflect that the assessment was made on the basis of facts ascertained during our investigation of CIP Frames Inc. The claim produced no information or evidence to support a change in the original assessments. This is your legal notice that your claim for refund and abatement is disallowed.

If you wish to bring suit or proceedings for recovery of any tax, penalties, and other moneys that were paid, and for which this notice of disallowance is issued, you may do so by filing suit with the United States District Court having jurisdiction, or the United States Court of Federal Claims. The law permits you to do so within two years of the mailing date of this letter. Please note, that even though you have complied with the requirements of Internal Revenue Code section 6672(c)(1) up to this point, the Internal Revenue Service may initiate collection action for the remaining unpaid portion of this liability if you do not file suit within 30 days from the date of this letter.

For any unpaid section 6672 liability that arises from periods beginning or transactions occurring after December 31, 1998, the Internal Revenue Service is required to suspend most of its collection activities if you file a proper lawsuit seeking a refund of those amounts listed on your disallowed refund claim for the section 6672 liability. While the Internal Revenue Service is prohibited from

**Letter 3783 (Rev 10-2003)**
Catalog Number 37172B

2

collecting the unpaid portion of your liability by levy, the limitation period for the Internal Revenue Service to collect this liability is also suspended, pursuant to IRC sections 6331(i)(5) and 6672(c)(4).

If you have any questions, please contact the person whose name and telephone number are shown above.

Sincerely,

Isoke K. Keto
Advisory Group Manager